IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| B. Bros. Packaging, Inc., d/b/a Fox Packaging Co., a Minnesota corporation; and Fox Packaging of New England, LLC, a Minnesota limited liability company,<br><br>Plaintiffs,<br><br>vs.<br><br>South/Win Ltd., a North Carolina corporation, William H. DuBose and Blaine DuBose,<br><br>Defendants. | ) | FILE NUMBER: 01-CV-955 JMR/FLN<br><br>**ORDER GOVERNING THE TREATMENT OF CONFIDENTIAL MATERIAL** |

---

The above-entitled matter came on before the undersigned Magistrate Judge of U.S. District Court on the 29th day of October, 2001, on a Motion for a Protective Order by defendant South/Win, Ltd. ("South/Win") for an order governing the treatment of confidential material.

The Court, having heard the arguments of counsel, being fully advised in the premises, and upon all the files, records, and proceedings herein, grants the motion.

NOW, THEREFORE, IT IS ORDERED that a Protective Order shall be entered as follows:

1. This Order shall apply to all materials and information designated as confidential under paragraph no. 2 below produced during the course of discovery, and all copies, excerpts, or summaries of the documents or information produced, including but not limited to documents produced, answers to interrogatories, answers to requests for



FILED 11-1-01
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD______
DEPUTY CLERK______

admissions, expert reports and deposition transcripts (collectively referred to as "discovery materials").

2. Any party may designate as "Confidential" any discovery materials, whether or not produced by that party, including any discovery materials prepared or generated by the party and discovery materials determined to be in the possession of another party to this action, by marking such materials "Confidential" or by such other means as the parties may agree, if (a) such discovery materials are produced in this litigation and (b) the discovery materials contain confidential information, the disclosure of which by the receiving party would result in the disclosure of personnel information, trade secrets, proprietary information or other confidential information of the designating party. Discovery materials so designated are sometimes referred to hereinafter as "Confidential Discovery Materials."

3. "Confidential Discovery Materials" shall not be used by or communicated to any person or entity for <u>any</u> purpose whatsoever except the prosecution or defense of this case. No person other than counsel of record shall disclose Confidential Discovery Materials to any other person, and counsel of record may only disclose Confidential Discovery Materials to the following persons:

a. Attorneys employed by law firms of record for the parties in this action and the staffs of their respective law firms working on this case;

b. Experts or consultants hired or consulted by such attorneys or law firms in connection with this case who are not engaged in competitive business activities with the party designating the discovery materials as confidential;

c. Officers, directors, partners, and employees of a party who are reasonably necessary to assist counsel in this case, and who previously have personally executed the form of Nondisclosure Agreement attached hereto as Attachment A;

d. Persons, other than parties or other persons included in Category C, noticed for depositions or designated as trial witnesses to the extent necessary for the preparation of the persons' testimony in this case;

e. The court and court personnel in accordance with the procedure set forth in paragraph 6 below; and

f. Stenographic reporters engaged for depositions or other proceedings necessary for the conduct of this case.

4. That before disclosing Confidential Discovery Materials to persons of categories B, C, and D above in paragraph no. 3, the attorney disclosing the materials shall advise such persons of the restrictions of this Order and obtain assurances from such persons that they will be bound by and adhere to the provisions of this Order. In particular, the attorney should advise such persons that they are prohibited by court order from disclosing such information to any additional persons. For persons of category C, the attorney must obtain an executed Nondisclosure Agreement in the form of Attachment A for each such person prior to the disclosure of confidential material.

5. Any party may designate any discovery materials that could have been designated as "Confidential" pursuant to paragraph no. 2 above as "Confidential - Attorneys' Eyes Only," if the disclosure of such discovery materials to the other party would result in the disclosure of confidential information that would unduly compromise the designating party's ability to compete with the party or parties receiving such

information. Discovery materials designated as "Confidential - Attorneys' Eyes Only" may only be disclosed to persons of categories A, B, D, E and F in paragraph no. 3 above, unless the parties agree in writing otherwise. All other provisions of this Order apply to "Confidential – Attorneys' Eyes Only" materials in the same manner as they apply to other Confidential Discovery Materials.

6. Unless this Court provides for some other applicable procedure, when documents, briefs or memoranda containing information that has been designated "Confidential" are filed with the Court the "Confidential" and/or non-public portion thereof shall be placed in its own sealed envelope or other appropriately sealed container on which shall be endorsed:

1. The word "CONFIDENTIAL" or other appropriate designation;

2. The title and case number of the action to which the contents pertain;

3. The party name;

4. The complete title of the document should be noted on each envelope. (Motions, affidavits and memorandums are considered separate documents and should be in separate envelopes. *See Clerk's Notice In Re: Protective Order* (D. Minn. 1998)); and

5. A statement substantially in the following form:

   "This envelope [or container] is SEALED pursuant to Court order and contains confidential and/or non-public information. It is not to be opened, nor are the contents hereof to be revealed, except by order of the Court."

Said envelope or container shall not thereafter be opened without further order of the Court;

7. That at the conclusion of this litigation, all documents and other information designated as "Confidential," and any and all copies, prints and summaries thereof, shall, upon request, be returned to the party producing such documents and information or destroyed in a mutually agreeable fashion.

8. In the event that a party inadvertently fails to designate any appropriate discovery materials as "Confidential," the producing party may make such a designation by notifying the receiving party in writing within seven (7) days of learning of the inadvertent disclosure and by taking any additional steps necessary to ensure the materials are appropriately marked Confidential. Upon receiving such notice, the receiving party shall thereafter treat the newly designated information as confidential.

9. All depositions or portions thereof taken in this matter when designated "Confidential" shall be sealed and all persons shall be enjoined from disclosing the testimony so designated, subject to the exceptions and procedures specified in paragraph 3. To the extent possible, the portions of a deposition designated confidential shall be segregated from non-confidential portions. Confidentiality designations for depositions shall be made either on the record or by written notice to the other parties within fourteen (14) days of receipt of the transcript. All depositions shall be treated as "Confidential," however, during the fourteen (14) day period following the receipt of the transcript.

10. If any party does not agree to the designation of material as "Confidential" or as "Confidential-Attorneys-Eyes only," they may notify the other parties and request a Court determination. Until such time as the Court makes the determination on the issue of confidentiality or the designating party agrees to withdraw the confidential

designation, the parties shall treat the materials as protected in accordance with this Order.

11. That this Order shall not limit the use of information gained by any party apart from and independent of discovery, nor shall the Order limit the use of matters of public records. Further, nothing in the Order shall restrict the use or disclosure by any party of its own designated Confidential Discovery Materials. Unless sealed by separate Order of the Court, documents offered into evidence at a trial of this matter shall no longer be considered Confidential Discovery Materials. Before a party may introduce Confidential Discovery Materials at trial, however, the party must provide at least two (2) business days notice to the other parties and agree to present the matter to the Court before disclosing the materials at trial if a party objects to the disclosure of its Confidential Discovery Materials.

12. Acceptance by a party of Confidential Discovery Materials shall not be construed as an admission that such materials actually contain confidential information.

13. The prohibitions of this Order that restrict the disclosure and use of Confidential Discovery Materials shall continue to be binding after the conclusion of this action.

14. In the event this Order is violated by disclosure or misuse of Confidential Discovery Materials, the damages suffered by the party whose confidential information has been disclosed or misused ("the aggrieved party") are likely to be difficult to measure. Therefore, the awardable damages for any material violation of this Order by the disclosure or misuse of Confidential Discovery Materials, whether intentional or inadvertent or otherwise, shall be presumed to be $25,000.00. Either party may present

evidence to rebut the presumption if there is evidence that the actual damages are greater or less than $25,000.

15. That this Court retains jurisdiction to make amendments to this Order as the Court may deem appropriate. Any party may apply to the Court for amendment of this Order at any time.

16. This Order shall survive the final determination of this action as to any and all parties and shall remain in full force and effect after the conclusion of all proceedings in this matter in order to provide the Court with ancillary jurisdiction to enforce its terms and compel compliance.

17. Within ten (10) business days of receipt of this Order, all parties to this action shall supplement any existing discovery responses in which the responding party had objected to the discovery request on the grounds that it called for trade secrets or for confidential information with any information the responding party had previously withheld on those grounds.

SO ORDERED this 31st day of October, 2001.

Franklin L. Noel
Franklin L. Noel
United States Magistrate Judge

## ATTACHMENT A

**Nondisclosure Agreement and Acknowledgement to be Bound by Order Governing the Treatment of Confidential Material.**

I, ______________________________, hereby certify that I have been provided with a copy of the Protective Order that governs the treatment of Confidential Discovery Materials (the "Protective Order") in the matter entitled B. Bros. Packaging, Inc., d/b/a Fox Packaging Co., et al. v. South/Win Ltd., et al., pending in the United States District Court, District of Minnesota, File No. 01-CV-955. I have read the Protective Order and agree to be bound by its terms. I further agree to subject myself to the jurisdiction of the United States District Court in the District of Minnesota in connection with the enforcement of the Protective Order as against me.

Dated: ____________________

______________________________________
[signature]

______________________________________
[print name]

GP:832300 v1

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.