**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

B. Bros. Packaging, Inc., d/b/a Fox Packaging Co., a Minnesota corporation; and Fox Packaging of New England, LLC, a Minnesota limited liability company,

Plaintiffs,

v.

South/Win Ltd., a North Carolina corporation; William H. DuBose; and Blaine DuBose,

Defendants.

Civil No. 01-955 (RHK/JMM)
**MEMORANDUM OPINION AND ORDER**

---

Curtis D. Smith and Peter A. Koller, Moss & Barnett, Minneapolis, Minnesota, for Plaintiffs.

C. Blaine Harstad and Kacy C. Kleinhans, Gray Plant Mooty Mooty & Bennett, Minneapolis, Minnesota, for Defendants.

---

## Introduction

B. Bros. Packaging, Inc., d/b/a Fox Packaging Co. ("Fox"), Fox Packaging of New England, LLC ("Fox NE"), and South/Win Ltd. ("South Win") are involved in a commercial dispute involving an oral, joint marketing arrangement. In their multiple count Complaint, Fox and Fox NE allege that South/Win owes them $3,114,153.65 in connection with their marketing arrangement. In responses to written discovery requests,



MAR 1 8 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

South/Win admits owing $2,171,333.80 collectively to Fox and Fox NE for unpaid invoices or parts thereof. Based on South/Win's admissions, Fox and Fox NE believe that they are entitled to partial summary judgment as to the $2,171,333.80 amount. Before the Court is Fox and Fox NE's Motion for Partial Summary Judgment under Fed. R. Civ. P. 56(c), Entry of Judgment under Fed. R. Civ. P. 54(b), and a Stay of Judgment under Fed. R. Civ. P. 62(h). For the reasons set forth below, the motion will be denied.

**Background**

Plaintiff Fox is a Minnesota corporation, and Fox NE is a Minnesota limited liability company. (Aff. of Elliott Badzin ¶ 2.) Fox and Fox NE are engaged in the business of manufacturing, packaging, and selling windshield washer fluid, antifreeze, and related products. (Id. ¶ 3.) Defendant South/Win is a North Carolina corporation engaged in the business of manufacturing, marketing, and selling windshield wiper fluid. (Aff. of William H. DuBose ¶ 2.) Defendants William H. DuBose and Blaine DuBose, residents of North Carolina, are officers and shareholders of South/Win. (Answer ¶ 4.)

Windshield washer fluid is expensive to ship over great distances. For that reason, in late 1995, the parties entered into an oral, joint marketing arrangement in which they agreed that each would ship windshield washer fluid from their respective plants to retailers' distribution centers in order to minimize costs. (Complaint ¶ 13.) Under the arrangement, the parties agreed that the billing and processing of orders would be done by only one of the two companies, which would then remit the funds collected for the other

party minus a processing charge. (Complaint ¶ 14.) The parties operated under this arrangement for more than five years.

On May 30, 2001, Fox and Fox NE initiated this lawsuit claiming that South/Win is liable to them for $3,114,153.65 relating to South/Win's failure to properly bill and collect money from certain customers and to timely pay Fox and Fox NE on sales of products to customers. (Complaint.) Fox and Fox NE assert claims against South/Win on theories of breach of contract, account stated, breach of fiduciary duty, conversion, and declatory judgment. (Id.)[1] In its Answer, South/Win made a general denial of liability and asserted counterclaims on theories of breach of contract, tortious interference with contract, defamation, deceptive trade practices, and trademark infringement. (Answer.)

In response to several written discovery requests, South/Win produced two charts in which it conceded, pursuant to certain invoices or portions thereof, that it owes Fox $1,322,785.40 and Fox NE $848,548.40, for a total of $2,171,333.80. (Aff. of Curtis D. Smith ("Smith Aff.") ¶¶ 5, 6, Exs. D & E). In the charts, each invoice is listed separately and details the invoice date, price, shipping location, product, and balance owed by each company. (Id.) On some individual lines of the charts, it states "Disputed–Need More Information," indicating instances where South/Win disagrees with Fox and Fox NE

---

[1]Recently, Fox and Fox NE have moved to amend their complaint to add allegations of (1) breach of fiduciary duty in a joint venture and (2) violation of North Carolina's Uniform Fraudulent Transfer Act. (Aff. of Curtis P. Smith in Supp. of Mot. to Amend and Compel Disc., Ex. A.)

about particular invoices. (Id.) At the bottom of the charts, a final total is listed representing the amounts that South/Win concedes are owed to Fox and Fox NE. (Id.)

Fox and Fox NE believe that South/Win should not be entitled to keep and use the $2,171,333.80 during the pendency of this case because South/Win has conceded that it owes them that amount. Therefore, by this motion, Fox and Fox NE have moved for partial summary judgment as to that amount and an entry of judgment under Federal Rule of Civil Procedure 54(b). Apparently acknowledging the possibility that they, too, might not be entitled to the $2,171,333.80 during the pendency of this case, Fox and Fox NE have also moved for a stay of enforcement of judgment under Federal Rule of Civil Procedure 62(h).

## Analysis

### I. Federal Rule of Civil Procedure 56(c)

Fox and Fox NE seek partial summary judgment under Federal Rule of Civil Procedure 56(c) as to "South/Win's liability for its undisputed obligation . . . [for] invoices that are uncontested." (Pls.' Reply Mem. in Supp. of Mot. for Summ. J. at 3.) Rule 56(c) provides that a court shall grant a motion for summary judgment if, based on the pleadings, affidavits, and admissions, it determines that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further provides that "[a] summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is

a genuine issue as to the amount of damages." Fed. R. Civ. P. 56(c).

Fox and Fox NE allege that South/Win owes them $3,114,153.65 in connection with their marketing arrangement. (Complaint.) Fox and Fox NE contend that they are entitled to judgment as a matter of law as to $2,171,333.80 because South/Win admitted in its answers to discovery requests that it owes Fox and Fox NE that sum on unpaid invoices. (Pls.' Mem. in Supp. of Mot. for Summ. J. at 8). Fox and Fox NE do not state on which claims they seek summary judgment. Instead, Fox and Fox NE assert that they seek partial summary judgment on South/Win's liability on "the amounts that South/Win concedes are due under the various invoices in question" because there is no genuine issue of material fact as to those amounts. (Id. at 7, 9, n.5.)

Conversely, South/Win argues that Fox and Fox NE are not entitled to summary judgment for two reasons. First, citing multiple sources of authority, South/Win contends that Rule 56 "does not permit a court to grant summary judgment to a party on merely a portion of one of several claims." (South/Win's Mem. in Opp. to Summ. J. at 15.) Second, while acknowledging that collectively Fox and Fox NE are entitled to $2,171,333.80 under invoices or parts thereof, South/Win contends that these amounts are subject to set-offs for any processing charges South/Win may have incurred and any damages for which Fox and Fox NE are liable to South/Win on its counterclaims. (Smith Aff. ¶¶ 5-6, Exs. D & E; South/Win's Mem. in Opp. to Mot. for Summ. J. at 2, 22-23.) Therefore, South/Win asserts that partial summary judgment is inappropriate because

South/Win's set-offs and counterclaims necessarily impact any determination regarding South/Win's final liability to Fox and Fox NE. (Id. p. 20.)

The Court agrees. Summary judgment may be had to one claim among many, but not as to one portion of a claim. Ott v. Target Corp., 153 F. Supp. 2d 1055, 1077 (D. Minn. 2001) (Magnuson, J.) (citing Kendall McGaw Labs, Inc. v. Cmty Mem'l Hosp., 125 F.R.D. 420, 421 (D.N.J. 1989)); New Jersey Auto. Ins. Plan v. Sciarra, 103 F. Supp. 2d 388, 396 (D.N.J. 1998) ("Nothing in [Rule 56] can be read to allow partial summary judgment on only one portion of a claim."); Grabill Corp. v. NCNB National Bank of North Carolina, 135 B.R. 101, 106 (Bankr. N.D. Ill. 1991) ("Partial summary judgment is available only to dispose of one or more counts of the complaint in their entirety"); 10B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2736 (3d ed. 1998) (listing instances of the appropriate use of partial summary judgment).

Fox and Fox NE seek partial summary judgment on only a portion of the $3,114,153.65 they claim South/Win owes them under various theories of liability. Thus, Fox and Fox NE seek summary judgment on partial liability as opposed to summary judgment on the issue of liability alone. Although Rule 56(c) expressly allows for the entry of summary judgment on the issue of liability alone, nothing in the rule suggests that it allows the entry of summary judgment on only a portion of liability. Summary judgment may not be made to a portion of a claim. Ott, 153 F. Supp. 2d at 1077. Accordingly, the Court denies Fox and Fox NE's motion for partial summary judgment

with respect to the $2,171,333.80 amount.

## II. Federal Rules of Civil Procedure 54(b) and 62(h)

Fox and Fox NE have also moved for an entry of judgment under Federal Rule of Civil Procedure 54(b) and a stay of judgment under Federal Rule of Civil Procedure 62(h) on the issue of South/Win's liability to Fox and Fox NE for $2,171,333.80. Rule 54(b) allows a court dealing with multiple claims or multiple parties to direct entry of final judgment as to one or more, but fewer than all, of the claims or parties. Fed. R. Civ. P. 54(b). Before making an entry of judgment under Rule 54(b), a court must (1) determine that there is a final judgment and then (2) determine whether there is any just reason for delaying the entry of judgment. Northwest Airlines, Inc. v. Astraea Aviation Services, Inc., 930 F. Supp. 1317, (D. Minn. 1996) (Kyle, J.) (citing Curtiss-Wright Corp. v. General Electric Co., 446 U.S. 1, 7-8 (1980)). A judgment is final if it is the "ultimate disposition of an individual claim entered in the course of a multiple claim action." Curtiss-Wright, 446 U.S. at 8.

Entry of judgment is not appropriate in this case because there is no "ultimate disposition of an individual claim." As discussed above, there can be no disposition of an individual claim because the issue of the $2,171,333.80 amount involves only a portion of Fox and Fox NE's claims. Moreover, the Court notes that Fox and Fox NE moved for partial summary judgment on the issue of liability alone. Even if the Court had granted the motion, under Rule 56(c) partial summary judgment on the issue of liability is an

interlocutory order. Fed. R. Civ. P. 56(c). Accordingly, such a ruling would not be "final" for the purposes of Rule 54(b). See Fed. R. Civ. P. 56 advisory committee's notes ("partial summary 'judgment' is not a final judgment, and, therefore, not appealable"). The Court does not reach the second prong of the test under Rule 54(b) because the first prong has not been satisfied.

Under Federal Rule of Civil Procedure 62(h), a court may stay enforcement of a judgment that has been ordered as a final judgment under Rule 54(b). Fed. R. Civ. P. 62(h). As a final judgment under Rule 54(b) is not appropriate in this case, a stay under Rule 62(h) is also not appropriate.

**Conclusion**

Upon all the files, records, and proceedings herein, and for the reasons stated above, **IT IS ORDERED** that Plaintiffs' Motion for Partial Summary Judgment under Fed. R. Civ. P. 56(c), Entry of Judgment under Fed. R. Civ. P. 54(b), and a Stay of Judgment under Fed. R. Civ. P. 62(h) (Doc. No. 60) is **DENIED**.

Dated: March 18, 2002

Richard H. Kyle
United States District Judge