UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

B BROS. PACKAGING, INC.,
d/b/a Fox Packaging Co. and
FOX PACKAGING OF NEW ENGLAND, LLC,

CIVIL NO. 01-955 (RHK/JMM)

Plaintiffs,

v.

REPORT AND RECOMMENDATION

SOUTH/WIN LTD., WILLIAM H.
DUBOSE and BLAINE DUBOSE,

Defendants.

The above matter came on for hearing before the undersigned on April 24, 2002 upon Plaintiffs' Expedited Motion to Enforce the Settlement Agreement. Curtis Smith, Esq. appeared on behalf of Plaintiffs; C. Blaine Harstad, Esq. appeared on behalf of Defendants. The Parties have waived their right to appeal from this Report and Recommendation, and do consent to the immediate adoption of this Report and Recommendation by any District Judge of this Court.

## FINDINGS OF FACT/REPORT

Plaintiffs and Defendants reached an enforceable Settlement Agreement which was placed on the record at the Settlement Conference on March 26, 2002.

## RECOMMENDATION

For the reasons set forth above, it is recommended that Plaintiffs' Expedited Motion to Enforce the Settlement Agreement be granted as follows:

1. Defendants, and each of them, be ordered to sign the Settlement Agreement and Mutual Release which is attached hereto, no later than the close of

APR 24 2002
FILED________
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

business on April 25, 2002.

2. Defendants shall pay to Plaintiffs the sum of $2,700,000.00 by the close of business on April 25, 2002, as agreed in the Settlement Agreement reached by the Parties at the Settlement Conference on March 26, 2002; and as specified in the Settlement Agreement and Mutual Release.

3. If Defendants do not make the payment referred to in Paragraph 2 above, upon the filing of an Affidavit from Plaintiffs' counsel that the payment has not been received, the Clerk of Court shall immediately enter Judgment against all Defendants, jointly and severally, in the amount of $2,700,000.00.

Dated: April 24, 2002

JOHN M. MASON
United States Magistrate Judge

**SETTLEMENT AGREEMENT AND MUTUAL RELEASE**

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement") effective as of April 25, 2002, is made by and between B. Bros. Packaging, Inc., d/b/a Fox Packaging Co., and Fox Packaging of New England, LLC, (collectively, the "Fox Parties") and South/Win Ltd., William H. DuBose and Blaine DuBose, (collectively the "South/Win Parties").

WHEREAS, the Fox Parties have made various claims against the South/Win Parties and have commenced an action in United States District Court for the District of Minnesota entitled "B.Bros. Packaging, Inc., *et al.* v. South/Win Ltd., *et al.*," Court File No. 01-CV-955 (RHK/JMM), (the "Civil Action"), seeking, among other things, damages and equitable relief;

WHEREAS, in the Civil Action the South/Win Parties denied the allegations made by the Fox Parties and asserted a number of counterclaims against the Fox Parties;

WHEREAS, the South/Win Parties and the Fox Parties agreed to settle the Civil Action, together with all matters that were brought or that could have been brought in said action, and all other claims known or unknown, fixed or contingent, direct or indirect, without further expenditure of time or expense for contested litigation, during the Settlement Conference before United States Magistrate Judge John M. Mason on March 26, 2002; and

WHEREAS, this Settlement Agreement and Mutual Release is merely meant to document and memorialize the settlement agreement reached during the Settlement Conference and placed on the record at that time.

NOW, THEREFORE, in consideration of the mutual covenants and agreements set forth herein and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged by all parties hereto,

IT IS MUTUALLY AGREED AND UNDERTAKEN, BY AND BETWEEN THE UNDERSIGNED AS FOLLOWS:

1. Payment to the Fox Parties. At or before 1:00 p.m. on April 25, 2002, the South/Win Parties will cause a payment to be made to B. Bros. Packaging, Inc. in the sum of $2,700,000.00 by wire transfer to:

| | |
|---|---|
| | LaSalle Bank N.A.<br>135 South La Salle Street<br>Chicago, IL 60603 |
| ABA# | 071000505 |
| Account # | **5800327974** |
| Account name: | B Bros Packaging<br>2855 Eagandale Boulevard<br>Eagan, MN 55121 |

Counsel for the South/Win Parties shall contact counsel for the Fox Parties one day before the wire transfer is to take place, to confirm the arrangements for the transfer.

2. Release by the Fox Parties. The Fox Parties, on their own behalf and on behalf of their respective current and former directors, officers, shareholders, employees, agents, attorneys, insurers, affiliates, subsidiaries, related companies, predecessors, successors and assigns, absolutely and unconditionally release, acquit and forever discharge the South/Win Parties and the South/Win Parties' current and former directors, officers, shareholders, employees, agents, attorneys, insurers, affiliates, subsidiaries, related companies, predecessors, successors and assigns (collectively, the "First Released Parties"), of and from any and all claims, demands, actions, damages and liabilities (including attorney fees), whether direct or indirect, fixed or contingent, known or unknown, which any of the Fox Parties has ever had, has or claims to have against the First Released Parties, prior to or through March 26, 2002, including but not limited to, any and all claims arising out of or in any way related to the facts described in the complaint

in the Civil Action (the "Complaint") or in any responsive pleading served by one or more of the South/Win Parties in the Civil Action.

3. Release by the South/Win Parties. The South/Win Parties, on their own behalf and on behalf of their current and former directors, officers, shareholders, employees, agents, attorneys, insurers, affiliates, subsidiaries, related companies, predecessors, successors and assigns, absolutely and unconditionally release, acquit and forever discharge the Fox Parties and the Fox Parties' current and former directors, officers, shareholders, employees, agents, attorneys, insurers, affiliates, subsidiaries, related companies, predecessors, successors and assigns (collectively, the "Second Released Parties"), of and from any and all claims, demands, actions, damages and liabilities (including attorney fees), whether direct or indirect, fixed or contingent, known or unknown, which any of the South/Win Parties has ever had, has or claims to have against the Second Released Parties, prior to or through March 26, 2002, including but not limited to any and all claims arising out of or in any way related to the facts described in the Complaint in the Civil Action or in any responsive pleading served by one or more of the South/Win Parties in the Civil Action. The Parties are not releasing each other from any future claims that might arise from any conduct engaged in after March 26, 2002.

4. Stipulation of Dismissal. Upon the South/Win Parties' making of the payment described in paragraphs 2, above, counsel for the Fox Parties and the South/Win Parties shall promptly execute a stipulation of dismissal with prejudice in the form of the attached Exhibit A and file it with the court in the Civil Action.

5. This Agreement is made and entered into for the purpose of settling and compromising disputed claims and is not, and shall not be construed as, an admission of any sort on the part of the Fox Parties or the South/Win Parties.

6. The parties to this Agreement acknowledge that they have read this Agreement, that they fully understand their rights, privileges and duties under this Agreement and that they enter into this Agreement freely and voluntarily. They further acknowledge that they have consulted with attorneys of their choice concerning the terms of this Agreement and the consequences of signing it.

7. The parties acknowledge that the terms of this Agreement constitute a binding contract.

8. This Agreement shall not be construed or interpreted for or against any party because that party drafted or caused the party's legal representative to draft any of its provisions.

9. This Agreement contains the entire agreement between the parties and supersedes and replaces all prior negotiations and proposed agreements, written or oral.

10. This Agreement may be executed in one or more counterparts, each of which when so executed shall be deemed to be an original and the counterparts shall together constitute one and the same agreement.

IN WITNESS WHEREOF, the parties hereto have entered into this Agreement effective the day and year first above written.

SOUTH/WIN LTD.

By______________________________

______________________

Its ____________________

STATE OF NORTH CAROLINA )
) SS.
COUNTY OF _______________ )

The foregoing instrument was acknowledged before me on April ____, 2002, by __________________________, the ______________________________ of South/Win Ltd., a corporation under the laws of North Carolina, on behalf of the corporation.

______________________________
Notary Public

______________________________
William H. DuBose

STATE OF NORTH CAROLINA )
) SS.
COUNTY OF _______________ )

The foregoing instrument was subscribed and sworn to before me on April ____, 2002, by William H. DuBose.

______________________________
Notary Public

______________________________
Blaine DuBose

STATE OF NORTH CAROLINA )
) SS.
COUNTY OF ______________ )

The foregoing instrument was subscribed and sworn before me on April ____, 2002, by Blaine DuBose.

______________________________
Notary Public

B. BROS. PACKAGING, INC., D/B/A FOX PACKAGING CO.,

By ______________________________
Elliott Badzin
Its President

STATE OF MINNESOTA )
) SS.
COUNTY OF __________ )

The foregoing instrument was acknowledged before me on April ____, 2002, by Elliott Badzin, the President of B. Bros Packaging, Inc., a corporation under the laws of Minnesota, on behalf of the corporation.

______________________________
Notary Public

FOX PACKAGING OF NEW ENGLAND, LLC

By ______________________________
Elliott Badzin
Its Chief Manager

STATE OF MINNESOTA )
) SS.
COUNTY OF __________ )

The foregoing instrument was acknowledged before me on April ____, 2002, by Elliott Badzin, the Chief Manager of Fox Packaging of New England, LLC, a limited liability company under the laws of Minnesota, on behalf of the limited liability company.

______________________________
Notary Public