UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

B BROS. PACKAGING, INC.,
d/b/a Fox Packaging Co. and
FOX PACKAGING OF NEW ENGLAND, LLC,

Plaintiffs,

v.

SOUTH/WIN LTD., WILLIAM H.
DUBOSE and BLAINE DUBOSE,

Defendants.

CIVIL NO. 01-955 (RHK/JMM)

ORDER

The above-entitled matter comes before the Court upon the Report and Recommendation of United States Magistrate Judge John M. Mason dated April 24, 2002. The Parties have waived their right to appeal from this Report and Recommendation, and do consent to the immediate entry of this Order by any District Judge of this Court.

Based upon the Report and Recommendation of the Magistrate Judge, and all of the files, records and proceedings herein,

IT IS HEREBY ORDERED that Plaintiffs' Expedited Motion to Enforce the Settlement Agreement is granted as follows:

1. Defendants, and each of them, shall sign the Settlement Agreement and Mutual Release which is attached hereto, no later than the close of business on April 25, 2002.

2. Defendants shall pay to Plaintiffs the sum of $2,700,000.00 by the close of business on April 25, 2002, as agreed in the Settlement Agreement reached by the Parties at the Settlement Conference on March 26, 2002, and as specified in the Settlement Agreement and Mutual Release.

FILED APR 24 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD APR 24 2002
DEPUTY CLERK

3. If Defendants do not make the payment referred to in Paragraph 2 above, then upon the filing of an Affidavit from Plaintiffs' counsel that the payment has not been received, the Clerk of Court shall immediately enter judgment against all Defendants, jointly and severally, in the amount of $2,700,000.00.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: April 24, 2002

DONOVAN W. FRANK
United States District Judge

# SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE ("Agreement") effective as of April 25, 2002, is made by and between B. Bros. Packaging, Inc., d/b/a Fox Packaging Co., and Fox Packaging of New England, LLC, (collectively, the "Fox Parties") and South/Win Ltd., William H. DuBose and Blaine DuBose, (collectively the "South/Win Parties").

WHEREAS, the Fox Parties have made various claims against the South/Win Parties and have commenced an action in United States District Court for the District of Minnesota entitled "B.Bros. Packaging, Inc., *et al.* v. South/Win Ltd., *et al.*," Court File No. 01-CV-955 (RHK/JMM), (the "Civil Action"), seeking, among other things, damages and equitable relief;

WHEREAS, in the Civil Action the South/Win Parties denied the allegations made by the Fox Parties and asserted a number of counterclaims against the Fox Parties;

WHEREAS, the South/Win Parties and the Fox Parties agreed to settle the Civil Action, together with all matters that were brought or that could have been brought in said action, and all other claims known or unknown, fixed or contingent, direct or indirect, without further expenditure of time or expense for contested litigation, during the Settlement Conference before United States Magistrate Judge John M. Mason on March 26, 2002; and

WHEREAS, this Settlement Agreement and Mutual Release is merely meant to document and memorialize the settlement agreement reached during the Settlement Conference and placed on the record at that time.

NOW, THEREFORE, in consideration of the mutual covenants and agreements set forth herein and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged by all parties hereto,

IT IS MUTUALLY AGREED AND UNDERTAKEN, BY AND BETWEEN THE UNDERSIGNED AS FOLLOWS:

1. Payment to the Fox Parties. At or before 1:00 p.m. on April 25, 2002, the South/Win Parties will cause a payment to be made to B. Bros. Packaging, Inc. in the sum of $2,700,000.00 by wire transfer to:

| | |
|---|---|
| | LaSalle Bank N.A.<br>135 South La Salle Street<br>Chicago, IL 60603 |
| ABA# | 071000505 |
| Account # | **5800327974** |
| Account name: | B Bros Packaging<br>2855 Eagandale Boulevard<br>Eagan, MN 55121 |

Counsel for the South/Win Parties shall contact counsel for the Fox Parties one day before the wire transfer is to take place, to confirm the arrangements for the transfer.

2. Release by the Fox Parties. The Fox Parties, on their own behalf and on behalf of their respective current and former directors, officers, shareholders, employees, agents, attorneys, insurers, affiliates, subsidiaries, related companies, predecessors, successors and assigns, absolutely and unconditionally release, acquit and forever discharge the South/Win Parties and the South/Win Parties' current and former directors, officers, shareholders, employees, agents, attorneys, insurers, affiliates, subsidiaries, related companies, predecessors, successors and assigns (collectively, the "First Released Parties"), of and from any and all claims, demands, actions, damages and liabilities (including attorney fees), whether direct or indirect, fixed or contingent, known or unknown, which any of the Fox Parties has ever had, has or claims to have against the First Released Parties, prior to or through March 26, 2002, including but not limited to, any and all claims arising out of or in any way related to the facts described in the complaint

in the Civil Action (the "Complaint") or in any responsive pleading served by one or more of the South/Win Parties in the Civil Action.

3. <u>Release by the South/Win Parties</u>. The South/Win Parties, on their own behalf and on behalf of their current and former directors, officers, shareholders, employees, agents, attorneys, insurers, affiliates, subsidiaries, related companies, predecessors, successors and assigns, absolutely and unconditionally release, acquit and forever discharge the Fox Parties and the Fox Parties' current and former directors, officers, shareholders, employees, agents, attorneys, insurers, affiliates, subsidiaries, related companies, predecessors, successors and assigns (collectively, the "Second Released Parties"), of and from any and all claims, demands, actions, damages and liabilities (including attorney fees), whether direct or indirect, fixed or contingent, known or unknown, which any of the South/Win Parties has ever had, has or claims to have against the Second Released Parties, prior to or through March 26, 2002, including but not limited to any and all claims arising out of or in any way related to the facts described in the Complaint in the Civil Action or in any responsive pleading served by one or more of the South/Win Parties in the Civil Action. The Parties are not releasing each other from any future claims that might arise from any conduct engaged in after March 26, 2002.

4. <u>Stipulation of Dismissal</u>. Upon the South/Win Parties' making of the payment described in paragraphs 2, above, counsel for the Fox Parties and the South/Win Parties shall promptly execute a stipulation of dismissal with prejudice in the form of the attached Exhibit A and file it with the court in the Civil Action.

5. This Agreement is made and entered into for the purpose of settling and compromising disputed claims and is not, and shall not be construed as, an admission of any sort on the part of the Fox Parties or the South/Win Parties.

6. The parties to this Agreement acknowledge that they have read this Agreement, that they fully understand their rights, privileges and duties under this Agreement and that they enter into this Agreement freely and voluntarily. They further acknowledge that they have consulted with attorneys of their choice concerning the terms of this Agreement and the consequences of signing it.

7. The parties acknowledge that the terms of this Agreement constitute a binding contract.

8. This Agreement shall not be construed or interpreted for or against any party because that party drafted or caused the party's legal representative to draft any of its provisions.

9. This Agreement contains the entire agreement between the parties and supersedes and replaces all prior negotiations and proposed agreements, written or oral.

10. This Agreement may be executed in one or more counterparts, each of which when so executed shall be deemed to be an original and the counterparts shall together constitute one and the same agreement.

IN WITNESS WHEREOF, the parties hereto have entered into this Agreement effective the day and year first above written.

SOUTH/WIN LTD.

By______________________________

______________________

Its ____________________

STATE OF NORTH CAROLINA )
) SS.
COUNTY OF ______________ )

The foregoing instrument was acknowledged before me on April ____, 2002, by ________________________, the ____________________________ of South/Win Ltd., a corporation under the laws of North Carolina, on behalf of the corporation.

______________________________
Notary Public

______________________________
William H. DuBose

STATE OF NORTH CAROLINA )
) SS.
COUNTY OF ______________ )

The foregoing instrument was subscribed and sworn to before me on April ____, 2002, by William H. DuBose.

______________________________
Notary Public

________________________________
Blaine DuBose

STATE OF NORTH CAROLINA )
) SS.
COUNTY OF _______________ )

The foregoing instrument was subscribed and sworn before me on April ____, 2002, by Blaine DuBose.

________________________________
Notary Public

B. BROS. PACKAGING, INC., D/B/A FOX PACKAGING CO.,

By ________________________________
Elliott Badzin
Its President

STATE OF MINNESOTA )
) SS.
COUNTY OF ___________ )

The foregoing instrument was acknowledged before me on April ____, 2002, by Elliott Badzin, the President of B. Bros Packaging, Inc., a corporation under the laws of Minnesota, on behalf of the corporation.

________________________________
Notary Public

FOX PACKAGING OF NEW ENGLAND, LLC

By ______________________________
Elliott Badzin
Its Chief Manager

STATE OF MINNESOTA )
) SS.
COUNTY OF __________ )

The foregoing instrument was acknowledged before me on April ____, 2002, by Elliott Badzin, the Chief Manager of Fox Packaging of New England, LLC, a limited liability company under the laws of Minnesota, on behalf of the limited liability company.

______________________________
Notary Public

# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

## CIVIL NOTICE

DATE MAILED TO COUNSEL/PRO SE PARTIES:

The purpose of this notice is to summarize the time limits for filing with the District Court Clerk's Office a Notice of Appeal to the Eighth Circuit Court of Appeals from a final decision of the District Court in a civil case.

***This is a summary only. For specific information on the time limits for filing a Notice of Appeal, review the applicable federal civil and appellate procedure rules and statutes.***

Rule 4(a) of the Federal Rules of Appellate Procedure (Fed. R. App. P.) requires that a Notice of Appeal be filed within:

1. Thirty days (60 days if the United States is a party) after the date of "entry of the judgment or order appealed from;" or

2. Thirty days (60 days if the United States is a party) after the date of entry of an order denying a timely motion for a new trial under Fed. R. Civ. P. 59; or

3. Thirty days (60 days if the United States is a party) after the date of entry of an order granting or denying a timely motion for judgment under Fed. R. Civ. P. 50(b), to amend or make Additional findings of fact under Fed. R. Civ. P. 52(b), and/or to alter or amend the judgment under Fed. R. Civ. P. 59; or

4. Fourteen days after the date on which a previously timely Notice of Appeal was filed.

If a Notice of Appeal is not timely filed, a party in a civil case can move the District Court pursuant to Fed. R. App. P. 4(a)(5) to extend the time for filing a Notice of Appeal. This motion must be filed no later than 30 days after the period for filing a Notice of Appeal expires. If the motion is filed after the period for filing a Notice of Appeal expires, the party bringing the motion must give the opposing parties notice of it. The District Court may grant the motion, but only if excusable neglect or good cause is shown for failing to file a timely Notice of Appeal.

C:\FORMS\APPEAL NO. CIV
Rev. August 11, 1995

# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

### Prehearing Conference Program

The United States Court of Appeals for the Eighth Circuit has established an early intervention Prehearing Conference Program. The purpose of the program is twofold: (1) to facilitate settlement discussions in civil cases by providing an impartial atmosphere for an open discussion of the case and alternative methods of disposition and (2) to promote the delineation of issues, early resolution of procedural problems, and effective administration of an appeal throughout the appellate process. See 8th Cir. R. 33A.

The program is directed by Mr. John Martin. Mr. Martin screens newly filed appeals based on information furnished by both appellants and appellees in the court's Appeal Information Forms A and B. Contact with counsel is by telephone and in personal conferences held in several cities throughout the Circuit. All communications with Mr. Martin are confidential. Counsel can openly discuss and evaluate the issues and explore alternatives in a non-adversarial setting without fear that the subsequent processing of the appeal or ultimate disposition of the case will be adversely affected by participation in the program.

Participation in the program is voluntary. However, the Court strongly encourages your participation and cooperation. Over the past twenty years, the program has enabled many appellate litigants to achieve mutually satisfactory resolution of certain issues or an overall settlement prior to progressing through all stages of the appellate process. Issue delineation enables counsel to focus only on those issues that need judicial resolution. The program has helped relieve the ever-increasing caseload confronting the Court, and it has also saved litigants and attorneys substantial amounts of time and money.

In order for the program to function effectively certain information <u>must</u> be provided at the initiation of the appeal. *Eighth Circuit Rule 3B directs each civil appellant to: (1) file a completed Appeal Information Form A with the Notice of Appeal at the time the Notice is filed with the District Court clerk and (2) forward a copy of the completed Form A and a copy of Appeal Information Form B to the appellee for completion.* Appellee may complete Form B and send it to the clerk of the Court of Appeals. If you have any questions about the Prehearing Conference Program or the Appeal Information Forms, please contact Mr. Martin at (314)-539-3669.

Forms A and B are available from the District Court clerk and the Court of Appeals clerk and can be found at the Court of Appeals' web site at: www.ca8.uscourts.gov

*June 1, 2000*